■ MAYNARD STRAHIN, Appellant, v. MARGARET GARVEY et al., Respondents.— Judgment and order unanimously affirmed, without costs of this appeal to either party. (Appeal by plaintiff from judgment of Erie Trial Term for plaintiff in an automobile negligence action. The order denied plaintiff's motion for a new trial.) Present — Williams, P. J., Bastow, Goldman, McClusky and Henry, JJ.

■ EUGENE McQUILLEN, as Administrator of the Estate of FLORENCE McQUILLEN, Deceased, Appellant, v. PACIFIC TRANSPORTATION LINES, INC., et al., Respondents. KATHLEEN McQUILLEN, an Infant, by EUGENE McQUILLEN, Her Guardian ad Litem, Appellant, v. PACIFIC TRANSPORTATION LINES, INC., et al., Respondents.— Judgment insofar as appealed from and order unanimously reversed on the law and facts and a new trial granted, with costs to the appellants to abide the event. Memorandum: In the case of Eugene McQuillen, as administrator, the verdict of the jury is contrary to and against the weight of evidence. In the case of Kathleen McQuillen, an infant, the verdict is inadequate. (Appeal by both plaintiffs from part of judgment and order of Erie Trial Term for no cause of action in the administrator's action and in favor of the infant plaintiff, in an automobile negligence action. The order denied plaintiffs' motions for a new trial.) Present — Williams, P. J., Bastow, Goldman, McClusky and Henry, JJ.

■ EDWIN J. NELDENGER, Respondent, v. AGNES J. SCHLITZER, Appellant.— Judgment unanimously affirmed, without costs of this appeal to either party. (Appeal from judgment of Erie Trial Term for plaintiff in an action for real estate commissions.) Present — Williams, P. J., Bastow, Goldman, McClusky and Henry, JJ.

■ GRAMATAN NATIONAL BANK AND TRUST COMPANY OF BRONXVILLE, Appellant, v. CLARENCE MANLEY, Respondent.— Order of Onondaga County Court affirming judgment of Syracuse Municipal Court and judgment of Syracuse Municipal Court unanimously reversed on the law and facts and action remitted to the Syracuse Municipal Court for further proceedings in accordance with the memorandum, with costs in all courts to the plaintiff. Memorandum: In June, 1956 defendant applied to plaintiff for a loan of $1,500. His written credit statement submitted with the application required the listing with details of " all debts to banks, finance companies (and) stores." Defendant set forth only a mortgage indebtedness to a bank. The undisputed evidence at the trial established that at the time of making the application defendant was indebted to three other banks and two finance companies in the total amount of more than $2,700. Fairly construed the complaint alleges and plaintiff proved a cause of action in fraud for the making of false material representations in the application upon which plaintiff made the loan. The proof is equally clear that the loan would not have been made if the true facts had been known. The fact, as found by the trial court, that plaintiff knew the true facts when it accepted the instrument of September 19, 1957 has no pertinency. That document stated that it was only evidence of a revision of the terms of payment and all the terms and conditions of the June 1956 note were to remain in full force and effect. This being a nonjury trial plaintiff is entitled to judgment for the balance due on the note with collection fees and interest all to be determined by Municipal Court to which the action is remitted. (Civ. Prac. Act, §§ 584, 624.) (Appeal from judgment of Syracuse Municipal Court, in favor of defendant dismissing the complaint in an action by an assignee of a note executed by defendant to recover damages for alleged fraud and misrepresentation on the part of defendant in the making of a credit statement; also appeal from order of Onondaga County Court affirming the Municipal Court judgment.) Present — Williams, P. J., Bastow, Goldman, McClusky and Henry, JJ.